Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of NY |
|---|---|
| Name (under which you were convicted): Michael Jackson | Docket or Case No. 21 Cr. 386 (LGS) |
| Place of Confinement: F.C.I Raybrook | Prisoner No.: 49910-509 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. | Michael Jackson |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court
   Southern District of New York, 500 Pearl St. NEW YORK, NY 10007 united States

   (b) Criminal docket or case number (if you know): 21 Cr. 386 (LGS)

2. (a) Date of the judgment of conviction (if you know): 1/24/2023

   (b) Date of sentencing: 1/24/2023

3. Length of sentence: 5 years

4. Nature of crime (all counts):

   Felon in Possession of Ammunition

5. (a) What was your plea? (Check one)

   (1)   Not guilty ☐        (2)   Guilty ☑        (3)   Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☐        Judge only ☐

N/A

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ❑      No ☑

8.  Did you appeal from the judgment of conviction?      Yes ❑      No ☑

9.  If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ❑      No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

        Yes ❑      No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❑  No ❑

(7) Result:                               N/A

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

                              N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?     Yes ❑  No ❑

(7) Result:                               N/A

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:       Yes ❑   No ❑

(2)  Second petition:    Yes ❑   No ❑       N/A

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: 922 (G)(1) Unconstitutional argument

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Cite Memorandum of Law attached.
(Page 15, second packet)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏   N/A

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

            N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑      N/A

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?   N/A

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑      N/A

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑      N/A

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):   N/A

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:** N/A

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❏   No ❏        N/A

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?    N/A

    Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?    N/A

    Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?    N/A

    Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:    N/A

**GROUND FOUR:**    N/A

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**   N/A

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏  No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**   N/A

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏  No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?   N/A

        Yes ❏  No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?   N/A

        Yes ❏  No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?   N/A

        Yes ❏  No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:   N/A

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):   N/A

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

N/A

(b) At arraignment and plea:

Donna Newman

(c) At trial:

N/A

(d) At sentencing:

Donna Newman

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❏ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❏ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❏   No ❏

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

    must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

    bar your motion.*



---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period
    shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
        violation of the Constitution or laws of the United States is removed, if the movant was
        prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
        that right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
        discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:


or any other relief to which movant may be entitled.

N/A
_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on  10-25-2023  (date).

Michael Jackin
_____
Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

*Memorandum of Law*

## I. **Michael Jackson's Convictions on Counts ___, ___, and ___ Must Be Vacated Under *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 142 S.Ct. 2111 (2022).**

### A. Standard of Review

Newly identified errors based upon intervening Supreme Court decisions are reviewable under the plain error standard if they were not advanced before the district court. *See Joseph v. United States*, 135 S.Ct. 705, 708 (2014).

### B. Applicable Law

The Second Amendment to the United States Constitution provides that a "well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." U.S. CONST. amend. II. The Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570, 628 (2008), that the Second Amendment codified an individual right to possess and carry weapons, explaining that the inherent right of self-defense, particularly in the home, is central to the right. *See also McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010) (holding "that individual self-defense is the central component of the Second Amendment right.").

On June 23, 2022, the Supreme Court announced a new framework for analyzing Second Amendment claims. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. --, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022). While previously established case law had widely used a two-step means-end framework for Second

Amendment challenges, *Bruen* demanded, instead, that courts conduct a "test rooted in the Second Amendment's text, as informed by history." *Id.* at 2127. Under the *Bruen* framework "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at 2126, 2129-30. The Government then "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside of the Second Amendment's 'unqualified command.'" *Id.* (citation omitted).

Following *Bruen*, courts have recognized that for Second Amendment purposes "even dangerous criminals" indisputably are part of the "people" falling within the ambit of the Second Amendment. *United States v. Jimenez- Shilon*, 34 F.4th 1042, 1046 (11th Cir. 2022); *United States v. Carrero*, 2022 WL 9348792, at *2 (D. Utah Oct. 14, 2022) (holding, post-*Bruen*, that felons are among "the people" protected by the Second Amendment); *United States v. Coombes*, 2022 WL 4367056, at *4 (N.D. Okla. Sept. 21, 2022) (same); *see also Kanter v. Barr*, 919 F.3d 437, 451-52 (7th Cir. 2019) (Barrett, J. dissenting), *abrogated by Bruen*, 2022 WL 2251305. Judge (now Justice) Barrett explained that, under the language of *Heller* itself, the word "people" refers to "all Americans," meaning that even those like felons who can be lawfully restricted,

are not "categorically excluded from our national community." *Id.* at 453.

*Bruen* further instructs that the relevant historical record for the "historical tradition" analysis is the record at or near 1791, when the Bill of Rights was enacted or, at the latest, 1868, when the Fourteenth Amendment was enacted. *Bruen*, 142 S. Ct. at 2136 ("The Second Amendment was adopted in 1791; the Fourteenth in 1868. Historical evidence that long predates either date may not illuminate the scope of the right if linguistic or legal conventions changed in the intervening years."); *Id.*, at 2154 n.28 (declining to consider the 20th-century historical evidence proffered by "respondents or their *amici*" because it could not "provide insight into the meaning of the Second Amendment when it contradicts early evidence.").

In *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023), the Third Circuit, sitting *en banc,* considered a post-*Bruen* challenge to 18 U.S.C. § 922(g)(1) and concluded that an individual convicted of a felony was one of "the people" whose right to own a firearm was protected by the Second Amendment and that no longstanding historical tradition regulated the right of felons to possess firearms. The *Range* Court summarized that "*Heller* . . . explained that 'the people' as used throughout the Constitution 'unambiguously refers to all members of the political community, not an unspecified subset.' . . . So the Second Amendment

right . . . presumptively 'belongs to all Americans'" including defendant Range.

*Range*, 69 F.4th at 101, 103 (quoting *Heller*, 554 U.S. at 580, 581).

Next, the *Range* Court concluded that § 922(g)(1) regulates Second

Amendment conduct:

> Range's request—to possess a rifle to hunt and a shotgun to defend
> himself at home—tracks the constitutional right as defined
> by *Heller.* 554 U.S. at 582, 128 S.Ct. 2783 ("[T]he Second Amendment
> extends, prima facie, to all instruments that constitute bearable arms,
> even those that were not in existence at the time of the founding."). So
> "the Second Amendment's plain text covers [Range's] conduct," and
> "the Constitution presumptively protects that conduct." *Bruen*, 142 S.
> Ct. at 2126.

*Range*, 69 F.4th at 103.

The *Range* Court's then examined the historical record and the proffered

historical analogues in the Government's papers, concluding that the Government

had not carried its burden to demonstrate that § 922(g)(1) "is consistent with the

Nation's historical tradition of firearm regulation." *Id.* (referencing *Bruen*, 142

S.Ct. at 2130); *Id.* at 106-109 (Porter, CJ, concurring) (tracing the history of the

Second Amendment from Antebellum and Reconstruction-era federal laws and

explaining why there were no laws like 18 U.S.C. § 922(g)(1) permanently

disarming non-capital criminals).

The Fifth Circuit has reached a similar conclusion with respect to 18 U.S.C.

§§ 922(g)(8) and § 922(g)(3). *See United States v. Rahimi*, 61 F.4th 443, 451 (5th

Cir. 2023), *cert. granted* , No. 22-915, – U.S. –, 143 S.Ct. 2688, – L.Ed.2d – (June

30, 2023) (holding that 18 U.S.C. § 922(g)(8) is unconstitutional post-*Bruen* and rejecting the government's contention that a person under a domestic violence restraining order[1] is not an "ordinary, law-abiding citizen" and, as such, falls outside "the people who are covered by the text of the Second Amendment); *United States v. Daniels*, 77 F.4th 337, 358 (5th Cir. 2023) (holding that a person's conviction under § 922(g)(3)[2] was unconstitutional following *Bruen* because "history and tradition did not justify disarming a 'sober citizen based exclusively on his past drug use'"). *But see United States v. Jackson*, 69 F.4th 495, 504 (8th Cir. 2023) ("Congress did not violate Jackson's rights by enacting § 922(g)(1). He is not a law-abiding citizen, and history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society.").

In *United States v. Quailes*, 2023 WL 5401733 (M.D. Pa. Aug. 22, 2023), the court extended *Range*'s reasoning and concluded that § 922(g)(1) is unconstitutional as applied to a defendant with four prior convictions for felony drug distribution. At the historical analysis stage, the *Quailes* court explained:

> In order to determine whether the historical disarmament of those deemed dangerous is "relevantly similar" to disarming a convicted drug

---

[1] Title 18 U.S.C. § 922(g)(8) prohibits the possession of firearms by individuals subject of domestic violence restraining orders.

[2] Title 18 U.S.C. § 922(g)(3) bars an individual from possessing a firearm if he is an "unlawful user" of a controlled substance.

> trafficker such as Quailes, the court is instructed to look at the two metrics of "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Bruen*, 142 S. Ct. at 2133. The Government has not presented any argument comparing the "how and why" of the historical "dangerousness" regulations with the "how and why" of Section 922(g)(1). Instead, the Government has merely catalogued historical regulations that disarmed individuals who posed a risk of dangerousness to varying extents.

*Quailes*, 2023 WL 5401733, at *11 (quoting *Bruen*, 142 S. Ct. at 2133). The

*Quailes* court found this "cataloging" insufficient to establish a longstanding

historical tradition of disarming individuals convicted of narcotics offenses and

dismissed the indictment.

Case 1:21-cr-00386-LGS   Document 63   Filed 01/24/23   Page 1 of 7

AO 245B (Rev. 09/19)   Judgment in a Criminal Case   (form modified within District on Sept. 30, 2019)
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. ) | |
| MICHAEL JACKSON ) | Case Number:  21 Cr. 386 (LGS) |
| ) | USM Number:  49710-509 |
| ) | Donna R. Newman |
| ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s) __1__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition | 3/21/2021 | 1 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/24/2023
Date of Imposition of Judgment

Signature of Judge

Hon. Lorna G. Schofield, United States District Judge
Name and Title of Judge

1/24/2023
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/24/2023

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:  MICHAEL JACKSON
CASE NUMBER:   21 Cr. 386 (LGS)

Judgment — Page   2   of   7

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

60 Months

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant is housed at a facility that is as close as possible to the New York Metropolitan area to facilitate family visitation.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____  to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 7 |
|---|---|---|---|---|

DEFENDANT:   MICHAEL JACKSON
CASE NUMBER:   21 Cr. 386 (LGS)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 Years

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*  special condition.
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 1:21-cr-00386-LGS Document 63 Filed 01/24/23 Page 4 of 7

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

Judgment—Page   4   of   7

DEFENDANT: MICHAEL JACKSON
CASE NUMBER: 21 Cr. 386 (LGS)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page __5__ of __7__

DEFENDANT: MICHAEL JACKSON
CASE NUMBER: 21 Cr. 386 (LGS)

## SPECIAL CONDITIONS OF SUPERVISION

1.  You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner.

2.  You shall be supervised by the district of residence.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: MICHAEL JACKSON
CASE NUMBER: 21 Cr. 386 (LGS)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:  MICHAEL JACKSON
CASE NUMBER:  21 Cr. 386 (LGS)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ ___100.00___ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
   _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
   _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
   term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
   imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.

Michael Jackson (#49710-509)
FCI Ray Brook
P.O. Box 900
Ray Brook, NY 12977

RECEIVED
SDNY PRO SE OFFICE
2023 NOV -2  PM 3:47

RECEIVED
NOV - 2 2023
PRO SE OFFICE

⇔49710-509⇔
Usd Court Southern
500 Pearl ST
NEW YORK, NY 10
United States