UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\------------------------------------------------------------ X

MICHAEL JACKSON,

                               Petitioner,

           -against-

UNITED STATES OF AMERICA,

                            Respondent. :

\------------------------------------------------------------ X

23 Civ. 9715 (LGS)
21 Crim. 386 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

       Petitioner Michael Jackson moves under 28 U.S.C. § 2255 to vacate his conviction of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Petitioner asserts that his conviction was unconstitutional based on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) ("*Bruen*"). In *Bruen*, the Supreme Court found unconstitutional a New York gun law that required an individual to show "proper cause" in order to obtain a license to carry a concealed pistol or revolver in public. *Id.* at 70-71. The Court held that the "proper cause" requirement violated the Fourteenth Amendment because it prevented law-abiding citizens, who have ordinary self-defense needs, from exercising their Second Amendment right to keep and bear arms. *Id.* at 71. For the reasons below, the motion is denied.

I.     **BACKGROUND**

       In June 2021, Petitioner was arrested and charged with one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The underlying felony conviction was possession of a loaded firearm in 2016, which resulted principally in a sentence of two-years' imprisonment. On May 20, 2022, Petitioner pleaded guilty to the § 922(g)(1) charge and admitted at the plea hearing that he possessed ammunition on March 21, 2021,

knowing that he had a prior felony conviction and that "it was a crime for [him] to possess ammunition."  On January 4, 2023, Petitioner was sentenced to five years of imprisonment, significantly below the Sentencing Guidelines recommendation of nine to ten years.  Petitioner did not appeal his conviction or sentence.

On October 25, 2023, Petitioner filed the current § 2255 motion pro se, on the ground that *Bruen* rendered 18 U.S.C. § 922(g)(1) unconstitutional.  The Government filed its opposition on December 4, 2023.  Petitioner did not file a reply.

## II.    LEGAL STANDARD

A "prisoner in custody" may "move the court which imposed the sentence to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

A petitioner who has appealed is generally "barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal," a failure referred to as "procedural default."  *United States v. Peña*, 58 F.4th 613, 620 (2d Cir. 2023).[1]  A petitioner wishing to raise a new argument must overcome this procedural default by establishing "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence."  *Id.* at 621.  This requirement similarly applies to a petitioner who pleaded guilty and did not appeal his sentence. "In the context of pleas, . . . a petitioner may seek collateral relief to challenge the constitutional validity of a guilty plea . . . .  But where such a claim was not raised on direct review the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

defendant must first demonstrate either cause and actual prejudice or that he is actually innocent." *Tavarez v. United States*, 81 F.4th 234, 239 (2d Cir. 2023).

As Petitioner filed his motion pro se, the Court construes his submissions liberally and reads them "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

## III.    DISCUSSION

### A.  Procedural Default

The Petition is denied because it does not establish cause to overcome Plaintiff's procedural default of his claim.  Petitioner did not challenge his conviction or sentence on appeal and thus may raise the arguments in the Petition only if he can overcome the procedural default. *See Peña*, 58 F.4th at 621.  Petitioner did not argue actual innocence and thus can overcome the procedural default only by demonstrating cause and prejudice.  To establish cause, Petitioner "must show some objective factor external to the defense, such that the claim was so novel that its legal basis was not reasonably available to counsel." *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019).  "Novelty, or futility . . . cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Id.* at 84-85.

Petitioner does not show cause because his claim was not so novel that its legal basis was unavailable to counsel.  Petitioner was arrested in June 2021, pleaded guilty in May 2022 and was sentenced in January 2023.  *Bruen* was argued before the Supreme Court in November 2021 and decided in June 2022.  Several other Second Amendment cases, on which Petitioner relied, were also decided by 2022.  *See, e.g.*, *United States v. Jimenez-Shilon*, 34 F.4th 1042, 1046 (11th Cir. 2022); *United States v. Carrero*, 635 F.Supp.3d 1210, 1212 (D. Utah Oct. 14, 2022).  Thus,

the Second Amendment argument was available to Petitioner in 2023, both at sentencing and on direct appeal.  Petitioner defaulted by failing to raise it on appeal.

### B.  Facial and As Applied Constitutionality

Procedural hurdles aside, Petitioner's motion is also denied on the merits because § 922(g)(1), which prohibits the possession of firearms by a convicted felon, is constitutional both facially and as applied to Petitioner.  The Second Circuit first addressed the facial constitutionality of § 922(g)(1) in *United States v. Bogle*, holding that the provision is a "constitutional restriction on the Second Amendment rights of convicted felons."  717 F.3d 281, 281-82 (2d. Cir. 2013).  In *Zherka v. Bondi*, the Second Circuit explicitly confirmed that § 922(g)(1) is facially constitutional and survives *Bruen*.  *Zherka*, 140 F.4th 68, 75 (2d Cir. 2025).  "To mount a successful facial challenge" to Section 922(g)(1), a litigant "must establish that no set of circumstances exists under which the law would be valid, or show that the law lacks a plainly legitimate sweep."  *Antonyuk v. James*, 120 F.4th 941, 983 (2d Cir. 2024).  The Second Circuit in *Zherka* concluded that § 922(g)(1) cannot meet this test because the statute can be constitutionally applied "to a broad range of felons, whose record of violent behavior or prior misuse of firearms would manifestly make them liable to being disarmed under [*Bruen's* good-moral-character] standard."  *Zherka*, 140 F.4th at 75.  That standard included the concept of "possess[ing] the character necessary to 'be entrusted with a weapon and to use it only in a manner that does not *endanger oneself or others*.'"  *Id*. (quoting *Antonyuk*, 120 F.4th at 985).  Consequently, *Bogle*'s holding that § 922(g)(1) is facially constitutional survives *Bruen*.  *Zherka*, 140 F.4th at 75.

Petitioner's as-applied challenge likewise fails.  In *Zherka*, the Second Circuit held that § 922(g)(1) is constitutional even as applied to Zherka, who had been convicted of a non-violent

felony. *Id.* at 91-92. As a springboard for its historical analysis and ultimate holding as to Zherka, a non-violent offender, both the court and the defendant acknowledged the constitutionality of § 922(g)(1) as applied to violent offenders. "[T]he Supreme Court and this Court have affirmed that dangerous people can be disarmed." *Id*. The Second Circuit cited as an example *United States v. Rahimi*, which recognized "what common sense suggests," *Rahimi*, 602 U.S. 680, 692 (2024), "that persons who present a clear danger to others if permitted to possess firearms may be disarmed." *Zherka*, 140 F.4th at 84; *see Rahimi*, 602 U.S. at 698-700 (finding constitutional, both facially and as applied, § 922(g)(8) which prohibits the possession of firearms by a category of individuals found by a court to be dangerous to one or more persons).

While dangerousness is not a prerequisite to disarmament, the underlying facts of this case easily support that Petitioner belongs to the "categories of persons perceived to be dangerous," as to which firearm regulations have deep historical roots. *See Zherka*, 140 F.4th at 88. On March 21, 2021, Petitioner, dressed all in black with a mask to conceal his identity, fired at least eight rounds from a firearm from inside a moving car. Petitioner's shots were aimed at two people standing on the sidewalk. As the car moved past the two people, Petitioner adjusted his aim to shoot at them. These actions supported findings of specific intent to kill and the crime of attempted murder, findings that were made at sentencing in order to calculate the applicable Guidelines recommendation. Section 922(g)(1), as applied to Petitioner, is constitutional.

Petitioner principally relied on two out-of-circuit decisions, but these are no longer good law after *Rahimi*. *See Range v. Att'y Gen. U.S.*, 69 F.4th 96 (3d Cir. 2023), *judgment vacated sub nom.*, *Garland v. Range*, 144 S. Ct. 2706 (2024); *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *rev'd and remanded*, 602 U.S. 680 (2024).

IV.    **CONCLUSION**

For the reasons stated above, Petitioner's petition to vacate his conviction under

28 U.S.C. § 2255 is **DENIED**.  As Petitioner has not made a substantial showing of the denial of

a constitutional right, a certificate of appealability will not be issued.  *See* 28 U.S.C.

§ 2253(c)(2); *Gray v. United States*, 980 F.3d 264, 265 (2d Cir. 2020).  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be

taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good

faith . . . demonstrated when he seeks appellate review of any issue not frivolous.").

The Clerk of Court is respectfully directed to close the motion at Dkt. 66 in No. 21 Crim.

386 and Dkt. 1 in No. 23 Civ. 9715, and to close No. 23 Civ. 9715.

Dated: July 14, 2025
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**